[No. 5558.]
[No. 3234 C. A.]

## SIEVERS v. HAMMERICH.

**Appellate Practice—Verdict Based on Conflicting Evidence.**

A verdict based on conflicting evidence, under instructions not excepted to by either party, will not be disturbed on appeal.—P. 206.

*Appeal from the District Court of Garfield County.*
*Hon. John T. Shumate, Judge.*

Action by H. G. Hammerich against Timm Sievers. From a judgment for plaintiff, defendant appeals.                                                *Affirmed.*

Mr. J. W. DOLLISON, for appellant.

Mr. EDWARD T. TAYLOR and Mr. CHARLES W. TAYLOR, for appellee.

Appellee brought this action against appellant upon a promissory note for $50.00, dated September 1, 1896, and payable one day after date.

At the trial, appellant proved that, in December, 1896, his brother, George, at his request, paid appellee $50.00. A receipt as follows: "Received $50.00 in full. H. G. Hammerich," was given upon payment of said $50.00. This receipt, however, was written on the back of a check given by appellee to appellant for $50.00, dated October 1st, 1896, indorsed by appellant and stamped "paid" by the Glenwood National Bank on the same date.

The note remained among appellee's papers in the bank, and when, about two years afterwards, payment was demanded, appellant claimed that it had been paid by his brother. Appellee testified that the note and check represented two separate loans of $50.00 each to appellant. Appellant testified that there was but one transaction, and that the $50.00 paid by his brother was upon the note. The testimony as to conversations at and about the time of payment of the $50.00 is conflicting. Appellant claims that appellee said he was going to Germany, and wanted his "note" paid. The brother testified that when he paid the money, appellee said he did not have the note with him, and gave the receipt. The portions of these conversations relating to the note are denied by appellee.

Mr. Justice Helm delivered the opinion of the court:

The question of veracity between appellant and his brother on one hand, and appellee on the other, was submitted to a jury under instructions that were not excepted to by either party. The jury resolved the conflict of testimony in favor of appellee, and,

under the circumstances, it is hardly necessary to say, this court would not think of setting aside the verdict or the judgment entered thereon.

Moreover, were the matter submitted to us unembarrassed by the verdict, our finding would probably be the same. For, while in one or two particulars appellant and his brother contradict appellee, yet the latter is corroborated by a strong circumstance, viz., the promissory note sued on was given September 1, 1896, while the check upon which the receipt was indorsed was made on October 1, 1896, a month later. It follows, therefore, that the two instruments could hardly have represented the same transaction.

There is no question about the genuineness of these instruments, or about the correctness of their dates. Nor is there any pretense that the note was given in consideration of future advancements. Hence, the jury may very properly have concluded that appellee told the truth, and that the debt represented by the note existed at the date of its execution; while the check given a month later represented a separate loan. Appellant offered no sufficient explanation touching this check. Had appellee owed appellant $50.00, he would probably have paid the same by cancellation of the note instead of giving the check. Besides, it fairly appears from the record that the parties had a number of similar transactions, in which appellant was always the borrower and appellee always the lender.

The judgment must be affirmed.     *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.